**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1006
_____

RICKY KAMDEM-OUAFFO, Ph. D., TRADING AS KAMDEM GROUP

v.

HONORABLE VINCENT LEBLON, OF THE SUPERIOR COURT OF NEW JERSEY;
TODD B. BUCK, Esq., OF MORGAN, LEWIS & BOCKIUS LLP;
TERRY D. JOHNSON, OF MORGAN, LEWIS & BOCKIUS LLP;
MARK A.. KRIEGEL, Esq., OF THE LAW OFFICE OF MARK A. KRIEGEL LLC;
ERIK ANDERSON; ALLISON A. KRILLA, Esq.; REARDON ANDERSON LLC;
JOHN AND JANE DOES 1-10; ABC CORPORATIONS 1-10

Ricky Kamdem-Ouaffo, PhD,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 3-15-cv-07481)
District Judge:  Honorable Anne E. Thompson
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2016
Before:  CHAGARES, KRAUSE and ROTH, <u>Circuit</u> <u>Judges</u>

(Filed: December 20, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Pro se appellant Ricky Kamdem-Ouaffo appeals the District Court's order granting the defendants' motions to dismiss his amended complaint under Fed. R. Civ. P. 12(b)(6). For the reasons detailed below, we will affirm.

Kamdem-Ouaffo develops and manufactures food flavors and aromas. In 2013, Kamdem-Ouaffo sued Hill's Pet Nutrition, Inc. and other entities in New Jersey state court, alleging that Hill's had misappropriated his trade secrets. In June 2015, after the parties had completed discovery, Hill's moved for summary judgment in the state action. On August 14, 2015, Kamdem-Ouaffo filed a notice of removal in the United States District Court for the District of New Jersey; that notice was not docketed until August 21, 2015. On August 20, 2015, the state court held a hearing on Hill's motion for summary judgment. Kamdem-Ouaffo did not appear at the hearing because, he said, his notice of removal had divested the state court of jurisdiction. Notwithstanding Kamdem-Ouaffo's absence, the state court, per Judge Vincent Leblon, granted Hill's motion and entered judgment in its favor. The court also granted Hill's request to have a number of documents filed under seal. On September 29, 2015, the District Court granted the defendants' motions to remand the matter to state court. See Kamdem Ouaffo v. Naturasource Int'l, LLC, No. CV 15-6290, 2015 WL 5722837 (D.N.J. Sept. 29, 2015).

Kamdem-Ouaffo then filed the action at issue here under 42 U.S.C. § 1983, in which he named as defendants his attorneys in the state action (who had withdrawn three months before the summary-judgment hearing), the defendants' attorneys, and Judge

2

Leblon. Kamdem-Ouaffo's primary claim was that the defendants had conspired to violate his due-process rights by (a) entering judgment against him despite his having removed the action to federal court, (b) relying on forged documents that had been filed under seal. The defendants filed motions to dismiss, which the District Court granted. Kamdem-Ouaffo then filed a timely notice of appeal to this Court.

We have jurisdiction under 28 U.S.C. § 1291. We exercise a plenary standard of review over the District Court's dismissal order. See Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006). To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).[1]

We agree with the District Court's disposition of this case. Initially, to the extent that Kamdem-Ouaffo challenges the state court's adverse judgment, his claims are barred by the Rooker-Feldman doctrine. See D.C. Ct. of App. v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923). While this doctrine is "narrow," Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 169 (3d Cir. 2010), it encompasses at least some aspects of Kamdem-Ouaffo's complaint. The New Jersey

---

[1] Kamdem-Ouaffo also filed a motion under Fed. R. Civ. P. 59(e) in the District Court, which the District Court denied. Because Kamdem-Ouaffo did not file a new or amended notice of appeal encompassing the order denying his Rule 59(e) motion, the Court lacks jurisdiction to review that order. See Fed. R. App. P. 4(a)(4)(B)(ii); Carrascosa v. McGuire, 520 F.3d 249, 253-54 (3d Cir. 2008).

court granted judgment to the state defendants; he argues that he has been injured by that judgment; the judgment preceded the federal action; and he asked the District Court to overrule the state-court order.  See id. at 170-71.  Accordingly, Kamdem-Ouaffo's claims are barred insofar as he seeks to set aside the adverse state judgment.  See generally Bianchi v. Rylaarsdam, 334 F.3d 895, 900 (9th Cir. 2003).

To the extent that Kamdem-Ouaffo contends that the state proceedings violated his independent constitutional right to a fair tribunal, his claims, while not barred by Rooker-Feldman, see Great W. Mining & Mineral Co., 615 F.3d at 172, nevertheless lack merit.[2]  To pursue a claim under 42 U.S.C. § 1983, a plaintiff must establish that his constitutional rights were violated "by a state actor."  Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009).  Private attorneys — like the attorney defendants here — generally do not qualify as state actors.  See Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999).  Kamdem-Ouaffo tries to avoid that conclusion by alleging that the attorneys conspired with Judge Leblon.  He notes that the defendants met in person on the date of the summary-judgment hearing, and asserts — based on nothing more than the fact that the court ruled against him — that there must have been "sexual activities in exchange for favors" or "stacks of dollar bills" delivered.  Br. at 9.  These allegations, in addition to

_____

[2] Kamdem-Ouaffo also raised various other claims purportedly arising under state law, the federal removal statute, New Jersey's Code of Judicial Conduct, and New Jersey's Rules of Professional Conduct, which the District Court also dismissed.  Kamdem-Ouaffo has not challenged the dismissal of these claims on appeal, and we therefore will not review those parts of the District Court's order.  See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

being entirely irresponsible, simply do not provide "'plausible grounds to infer an agreement.'" Great W. Mining & Mineral Co., 615 F.3d at 178 (quoting Twombly, 550 U.S. at 556). Accordingly, the District Court did not err in dismissing Kamdem-Ouaffo's § 1983 claim against the attorney defendants.

Finally, while Judge Leblon is a state actor, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). Granting summary judgment and ordering that certain documents be filed under seal are unquestionably "judicial acts." See generally Gallas v. Supreme Court of Pa., 211 F.3d 760, 770 (3d Cir. 2000). Moreover, even assuming that Judge Leblon erred in ruling on the pending motions in light of Kamdem-Ouaffo's notice of removal (which apparently had been filed but not docketed at the time), see generally In re Diet Drugs, 282 F.3d 220, 231 n.6 (3d Cir. 2002), "[a] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority," Stump v. Sparkman, 435 U.S. 349, 356 (1978); see also Figueroa v. Blackburn, 208 F.3d 435, 444-45 (3d Cir. 2000).[3]

Accordingly, we will affirm the District Court's judgment. Kamdem-Ouaffo's motion to strike the defendants' supplemental appendix, to strike portions of their brief, and to impose costs against the defendants is denied.

---

[3] In light of these legal failings, we are satisfied that amendment to the complaint would be futile, and therefore conclude that the District Court did not err in denying leave to amend. See, e.g., In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997).