NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2982
_____

RICKY KAMDEM-OUAFFO, PHD,
Appellant

v.

COLGATE PALMOLIVE CO; HILLS PET NUTRITION; NATURASOURCE
INTERNATIONAL LLC; REARDON ANDERSON LLC; MORGAN LEWIS &
BOCKIUS LLP; LAW OFFICE OF MARK A KRIEGEL LLC; VINCENT LEBLON
J.S.C.; TERRY D. JOHNSON, ESQ.; TODD B. BUCK, ESQ.; MARK A.. KRIEGEL,
ESQ.; LASZLO POKORNY; MS.  KIM; ALLISON A. KRILLA, ESQ.; ERIK
ANDERSON, ESQ.; RUDOLPH J. BURSHNIC, II, ESQ.; RICHARD G.
ROSENBLATT, ESQ.; CLERK NEW JERSEY SUPERIOR COURT; DEBRA
NICHOLS; DAVE BALOGA; SARAH B. MARTINEZ; LUIS J. MONTELONGO;
BRENT K. POPE; DENNIS JEWELL; LYNDA MELENDEZ; JASON, Hon. Leblon's
Law Clerk; COLGATES SCIENCE & TECHNOLOGY; DONALD TRAUT; AKEEL A.
QURESHI; ATTORNEY GENERAL NEW JERSEY; LAW OFFICE OF GERARD M
GREEN; FRANK ORBACH; JOHN J. HOFFMAN, Attorney General;
SHANNON MCGARRAH; THOMAS HOXIE; MARK DELUCA; MICHAEL
STRAHER; CLIFFORD WILKINS; WILLIAM BROGAN; DAWN GARDNER;
BRIAN BELLES; MICHAEL DIDAS; SHARON HUANG; RYAN FLANDRO; TODD
KLEIN; NIKHIL HEBLE; JUDY CHUNG; MICHAEL JORDAN; ANNE ST.
MARTIN; GEORGE WANG; SAMIA CHAUDRY; SANGIL LEE; CORY S. POKER;
MATTHEW HERD; YIQIN ZHAO; JACOB BLUMERT; HARVEY LIU;
MARIO DEREVJANIK; KRISANNE LANE; GEORGE SANG; SAMUEL KATZ;
THOMAS M. HUNTER; ROBERT T. LOUGY; A. LISA PUGLISI;
IAN SUPERIOR COURT MIDDLESEX COUNTY; DEBRA L. STOREY;
KLJ TRANSCRIPTION SERVICES, LLC; JOHN AND/OR JANE DOES 1-10;
ABC CORPORATIONS 1-10

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-22-cv-06623)
District Judge:  Honorable Claire C. Cecchi

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 6, 2024
Before: JORDAN, PHIPPS, and NYGAARD, Circuit Judges

(Opinion filed: July 1, 2024)
_____

OPINION*
_____

PER CURIAM

Ricky Kamdem-Ouaffo, proceeding pro se, presented the following causes of action in his operative, first amended complaint: fraud on the court; aiding and abetting fraud; breach of fiduciary duty and the duty of care; legal malpractice predicated on attorney negligence; violations of 42 U.S.C. § 1983; violations of the Fourteenth Amendment; violations of the Defend Trade Secrets Act of 2016; breach of contract; tortious interference with his business opportunities; conspiracy and collusion; and unjust enrichment. The Defendants moved to dismiss the complaint, and the District Court granted the motions, dismissing with prejudice after finding that any further amendment would be futile. This appeal timely followed.

We have jurisdiction under 28 U.S.C. § 1291. To the extent that the District Court dismissed under Federal Rule of Civil Procedure 12(b)(1), our review is plenary. Gould Elecs. Inc., v. United States, 220 F.3d 169, 176 (3d Cir. 2000). We likewise exercise

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

plenary review over a district court's dismissal for failure to state a claim. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). A plaintiff must present in his or her complaint "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and this "plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556–57 (2007)). We may affirm on any basis supported by the record. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

The District Court categorized the Defendants as follows:

1. Morgan, Lewis & Bockius LLP, Terry D. Johnson, Richard G. Rosenblatt, Todd B. Buck, and Rudolph J. Burshnic II as the "Morgan Lewis Defendants";

2. Reardon Anderson, LLC; Erik Anderson, Esq.; and Allison K. Krilla, Esq. as the "Reardon Anderson Defendants";

3. Mark A. Kriegel, Esq.; Law Office of Mark A. Kriegel, LLC; Naturasource International, LLC; and Laszlo Pokorny as the "Naturasource Defendants";

4. Colgate-Palmolive Company and Hill's Pet Nutrition, Inc. as the "Colgate Defendants";

5. The Honorable Vincent LeBlon, J.S.C.; Michelle M. Smith, Clerk of the Superior Court of New Jersey; Jason Scotto D'Aniello, Esq.; and Ian Ratzlaff as the "Judicial Defendants";

6. The Attorney General of New Jersey; former acting attorney general John J. Hoffman; the Honorable Robert T. Lougy, A.J.S.C.; the Honorable Lisa A. Puglisi J.S.C.; and Akeel Qureshi, Esq. as the "AG Defendants"; and

7. Frank Orbach and the Law Office of Gerard M. Green as the "Orbach Defendants."

The instant action is Kamdem-Ouaffo's fourth attempt to relitigate his claims in federal court following his state court loss regarding his allegation that Defendant Naturasource and the Colgate Defendants misappropriated Kamdem-Oauffo's proprietary pet food flavoring information. The matter was initially litigated in the Superior Court of New Jersey. See Ricky Emery Kamdem Ouaffo t/a Kamdem Grp. v. Colgate, et al., No. MID-L-5527-13 (N.J. Super. Ct. Law Div.) (hereinafter the "State Court Action"). Kamdem-Ouaffo's state court complaint was dismissed with prejudice after Defendant Judge LeBlon found that there was no basis for any of his claims. Shortly before the dismissal, Kamdem-Ouaffo attempted to remove the State Court Action to federal court (hereinafter the "Removal Action"), but the case was quickly remanded.

After the remand, Kamdem-Ouaffo filed a separate suit in federal court against Defendants LeBlon, the Reardon Anderson Defendants (who were Kamdem-Ouaffo's counsel in the State Court Action), a subset of the Morgan Lewis Defendants (who counseled the Colgate Defendants in the State Court Action), and Defendant Kriegel (counsel to the Naturasource Defendants in the State Court Action). See Ricky Emery Kamdem Ouaffo t/a Kamdem Grp. v. LeBlon, No. 15-cv-7481, 2015 WL 9463091, at *2 (D.N.J. Dec. 21, 2015) (hereinafter the "LeBlon Action"). In that suit, Kamdem-Ouaffo alleged that the Defendants conspired to force the dismissal of his complaint in the State Court Action. The District Court dismissed his claims, and we affirmed after noting that Kamdem-Ouaffo's allegations were "entirely irresponsible" and "based on nothing more

4

than the fact that the court ruled against him." See Kamdem-Ouaffo v. LeBlon, 673 F. App'x 223, 226 (3d Cir. 2016) (per curiam).

Kamdem-Ouaffo also filed a third federal case against the Colgate Defendants and Naturasource Defendants in which he reiterated claims that had already been adjudicated in the State Court Action (hereinafter the "Colgate Action"). The District Court dismissed his third amended complaint with prejudice, and we affirmed. See Kamdem-Ouaffo v. Colgate Palmolive Co., No. 21-1198, 2022 WL 382032 (3d Cir. Feb. 8, 2022) (per curiam). Kamdem-Ouaffo filed three motions for reconsideration, which were all denied.

Returning to the instant proceedings, the District Court first addressed the claims against the Judicial Defendants, and determined that Kamdem-Ouaffo failed to allege that Defendant Judge LeBlon engaged in any action that was beyond his judicial capacity or in the complete absence of all jurisdiction. See Figueroa v. Blackburn, 208 F.3d 435, 444 (3d Cir. 2000). It therefore concluded that he was entitled to absolute judicial immunity. See Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam). For functionally the same rationale, the District Court concluded that the remaining Judicial Defendants were entitled to quasi-judicial immunity as employees of the court. See Gallas v. Sup. Ct. of Pa., 211 F.3d 760, 772–73 (3d Cir. 2000). For these reasons, the District Court dismissed the claims against the Judicial Defendants.

The District Court then turned to the bulk of the claims against the Morgan Lewis Defendants, as well as the claims against the AG Defendants and Orbach Defendants. It

5

began its analysis by citing New Jersey's litigation privilege. See Allen ex rel. Martin v. LaSalle Bank, N.A., 629 F.3d 364, 369 (3d Cir. 2011). The District Court noted that the claims against these Defendants—who are all attorneys or law firms—related to alleged conduct undertaken as part of the Defendants' efforts to advocate on behalf of their clients in prior legal proceedings such as the State Court Action, the LeBlon Action, and the Colgate Action. In light of this fact, the District Court concluded that these Defendants' actions were protected by the litigation privilege, and it therefore dismissed the claims against them.

The District Court next addressed Kamdem-Ouaffo's Defend Trade Secrets Act (DTSA) claim against the Morgan Lewis Defendants, the Naturasource Defendants, and the Colgate Defendants. These claims arose out of alleged misappropriations that occurred from 2011 to 2015. A private action for misappropriation presented under the DTSA "may not be commenced later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered." 18 U.S.C. § 1836(d). The District Court noted that Kamdem-Ouaffo became aware of the conduct underlying his claims through the course of the State Court Action, which concluded over eight years prior to the instant proceedings. The District Court therefore dismissed this claim as untimely.

Lastly, the District Court addressed the remaining claims against the Reardon Anderson Defendants, Colgate Defendants, and Naturasource Defendants. It concluded

6

that these claims were negated by the doctrine of res judicata, which bars a claim when the following factors are present: "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privities; and (3) a subsequent suit based on the same cause of action." CoreStates Bank, N.A. v. Huls Am., Inc., 176 F.3d 187, 194 (3d Cir. 1999) (quoting Bd. of Trs. of Trucking Emps. Welfare Fund, Inc. v. Centra, 983 F.2d 495, 504 (3d Cir. 1992)). The District Court reasoned thusly because Kamdem-Ouaffo's claims were already adjudicated to final judgment in the proceedings mentioned above, and the other two factors were equally applicable to the instant case.

To the extent that Kamdem-Ouaffo was attempting to present new claims related to fraud upon the court, the District Court concluded that he failed to present sufficient evidence to "meet the demanding standard for fraud upon the court." Herring v. United States, 424 F.3d 384, 387 (3d Cir. 2005) (noting such claims are only justified by "the most egregious misconduct directed at the court itself"). To the extent that Kamdem-Ouaffo was attempting to present new claims related to legal malpractice, these claims were untimely, as the New Jersey statute of limitations for such a claim is six years, see N.J. Stat. Ann. § 2A:14-1, and the alleged conduct occurred over seven years prior to the commencement of the instant proceedings. Consequently, the District Court dismissed these claims as well.

Upon review, we agree with the District Court's reasoning and conclusions regarding the dismissal of Kamdem-Ouaffo's claims. In his brief, Kamdem-Ouaffo reiterates his claims and unsupported allegations of fraud upon the court, but fails to

7

present any meaningful challenge to the District Court's rationale. Accordingly, we will affirm the judgment of the District Court. We deny Kamdem-Ouaffo's request/motion pursuant to Local Appellate Rule 34.1(b) for oral argument. We likewise deny his motion for judicial notice.